

**SO ORDERED.**

**SIGNED this 01 day of October, 2008.**

_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILD WEST WORLD, L.L.C. | ) | Case No. 07-11620 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ ) | | Jointly Administered |
| | ) | |
| IN RE: | ) | |
| | ) | |
| RESTORATION FARMS, INC. | ) | Case No. 07-11913 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____) | | |
| | ) | |
| WILD WEST WORLD, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 07-5365 |
| | ) | |
| MAINLAND VALUATION SERVICES, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |

-1-

**v.**                                                    )
                                                          )
**FIRST NATIONAL BANK OF SOUTHERN**                       )
**KANSAS,**                                                )
                                                          )
                **Third-Party Defendant.**     )
_____)

## MEMORANDUM OPINION

Debtor seeks to avoid and recover from Mainland Valuation Services ("Mainland") as a fraudulent transfer, a $20,000 fee paid by debtor for an appraisal of property performed by Mainland, a transfer for which debtor asserts it did not receive reasonably equivalent value under 11 U.S.C. § 548(a)(1)(B). If debtor recovers the $20,000 transfer, Mainland then seeks to be indemnified by debtor's lender, First National Bank of Southern Kansas ("First National") because First National is the party with whom Mainland contracted for the appraisal. This matter was submitted to the Court on stipulated facts and briefs. The Court has reviewed and considered the parties' submissions, and is now prepared to rule.[1]

Jurisdiction

This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(H) over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334.

Stipulated Facts

Debtor, Mainland and First National stipulated to the following facts and record for adjudication of the claims in this adversary.[2]

---

[1] Debtor appeared by its attorney Aaron K. Johnstun. Mainland appeared by its attorney Mary C. O'Connell. First National appeared by its attorney William B. Sorensen.

[2] Dkt. 19.

Case 07-05365   Doc# 29   Filed 10/01/08   Page 2 of 10

1. Debtor filed its petition for relief under chapter 11 on July 9, 2007 and remains as debtor-in-possession.

2. In late 2006, debtor and First National entered into a loan agreement. The loan was secured by certain real property.

3. On or about February 2, 2007, First National engaged Mainland to perform an appraisal of the real property for a fee of $20,000.

4. Mainland duly performed the appraisal and submitted its report to First National.

5. On March 12, 2007, Mainland invoiced First National for the appraisal fee. Subsequent thereto, on several occasions, Mainland made inquiry or demand upon First National, not debtor, for payment.

6. On June 23, 2007 Mainland received a $20,000 check from debtor for the appraisal Mainland had contracted to provide to First National. Mainland accepted the check and it was honored and paid upon presentment. Debtor received no consideration from Mainland in exchange for the check.

7. At the time of the transfer (Mainland's receipt of the check), the debtor owed no debt to Mainland. As of the filing date, Mainland asserted no claim against the debtor.

8. Debtor was insolvent at the time it made the $20,000 transfer to Mainland.

This adversary proceeding was commenced November 12, 2007 by debtor's filing of an adversary complaint against Mainland. An amended complaint was filed December 5, 2007. The Court notes that debtor pled alternative causes of action – a preferential transfer under § 547 or a fraudulent transfer under § 548.[3] The parties submitted upon the stipulations only the fraudulent

---

[3] Dkt. 5.

-3-

transfer claim and the Court does not address the preference claim here. Mainland answered and asserted a third party complaint against First National, alleging First National's breach of contract by failing to pay the appraisal fee, indemnity from First National to the extent Mainland is liable to debtor, and unjust enrichment of First National.

Before addressing the fraudulent transfer claim and Mainland's third party claims, the Court must focus on what evidence is and is not before it. The parties opted to submit this matter on stipulations and briefs. Accordingly, the stipulations filed April 11, 2008 comprise the entire record. Nevertheless, Mainland's response brief was accompanied by the affidavit of one of its principals Curt Frazier (which included hearsay). This unsolicited statement appears to inject into this record additional facts that support Mainland's position on the fraudulent transfer claim.[4] The factual matters stated in the affidavit go beyond the facts stipulated to by the parties and beyond the record provided to this Court. No one has had an opportunity to cross-examine Mr. Frazier. Mainland's attempt to supplement the stipulated record, without leave of Court and without consent of the other parties, is improper.[5] Counsel are reminded that when stipulations are employed as a substitute for actual trial, something this Court only permits when counsel consent to so proceeding, the parties are stuck with them as filed and they constitute the entire record for decision. Post-stipulation remorse notwithstanding, the Court cannot consider subsequent unilateral submissions by any party. Therefore, the Court strikes the Frazier affidavit and confines itself to the stipulated record presented

---

[4] Dkt. 26.

[5] *In re Allegheny Health, Educ. and Research Foundation*, 312 B.R. 58, 65-66 (Bankr. W.D. Pa. 2004).

-4-

by the parties in deciding this matter.[6]

Analysis

Debtor proceeds under § 548(a)(1)(B) to avoid and recover the $20,000 transfer to Mainland. Section 548(a)(1)(B) deals with transfers that are deemed constructively fraudulent. The elements of this claim include: (1) a transfer of an interest of the debtor in property; (2) made within two years before the bankruptcy petition date; (3) where the debtor received less than reasonably equivalent value in exchange for the transfer; and (4) debtor was insolvent on the date of the transfer.

Here, the parties' stipulated that the $20,000 transfer was a transfer by debtor of an interest of the debtor in property (debtor's money in bank account),[7] that the transfer occurred on or about June 23, 2007, a mere two weeks prior to debtor's bankruptcy filing on July 9, 2007 and well within the two year look-back period, and that debtor was insolvent at the time of the transfer. The only element possibly in doubt is whether debtor received less than reasonably equivalent value ("REV")

---

[6] As a general rule, courts will enforce stipulations absent circumstances tending to negate a finding of informed and voluntary assent of a party to the stipulations. Stipulations of fact are admissions of the parties that are conclusive without further evidentiary support and are entered into in order to dispense with proof over matters not in issue. *See In re Durability Inc.,* 212 F.3d 551, 555-56 (10th Cir. 2000). Here, Mainland does not seek to withdraw or amend the stipulations. Nor does it contend that it was somehow misled in agreeing to the stipulations of fact. Moreover, the information contained in the Frazier affidavit is information that was available and within Mainland's control at the time it entered into the stipulation. It is obvious to the Court that the parties' stipulations of fact went to the elements of the fraudulent transfer claim. Mainland now seeks to contradict its previous stipulation as to one element – reasonably equivalent value. This Court declines to relieve Mainland from its stipulation. *See Wheeler v. John Deere Co.,* 935 F.2d 1090, 1097-98 (10th Cir. 1991) (District courts are vested with broad discretion in determining whether to hold a party to a stipulation or whether the interests of justice require that the stipulation be set aside.)

[7] *See In re Southern Health Care of Arkansas, Inc.,* 309 B.R. 314 (8th Cir. BAP 2004) (The payment of money is unquestionably the giving of value for purposes of determining whether a transfer may be avoided as constructively fraudulent.)

Case 07-05365   Doc# 29   Filed 10/01/08   Page 5 of 10

in exchange for the transfer. It is here that the Court must take care to remain in the confines of the record and not leap to assumptions about the nature of the parties' relationship and what their respective agreements may have been. The Court certainly recognizes that, in most loan agreements, provision is made for the borrower (the debtor here) to repay the lender for any expenses it may incur in closing the loan. Typically those expenses include appraisal fees. And, the Court also recognizes that, in general, borrowers "benefit" from receiving an extension of credit. Here, however, there is nothing in the record that would support my reaching either of the foregoing conclusions.

Instead, the parties stipulated that debtor received no consideration in exchange for the $20,000 check and that debtor was not indebted to Mainland. While this does not follow the statutory REV language, the Court concludes that these stipulations establish that debtor received less than REV and thus, debtor's transfer Mainland was constructively fraudulent and therefor avoidable.

While REV is not defined in § 548 or the Bankruptcy Code, "value" is defined in § 548(d)(2) as "property, or satisfaction or securing of a present or antecedent debt *of the debtor* . . ." The stipulations establish that debtor owed no debt to Mainland so debtor received no value (*i.e.* satisfaction of a debt) in exchange for the transfer.[8] Here, the stipulations indicate that debtor paid the appraisal fee to Mainland, for the benefit of First National, the party who owed the debt. But there is no evidence or stipulation in the record that debtor received anything in return. To the contrary, the stipulations state that debtor received nothing of value from Mainland in exchange

---

[8] Hon. William L. Norton, Jr., 4 NORTON BANKRUPTCY LAW AND PRACTICE § 67:2, p. 67-11 (3rd Ed. 2008) (A fraudulent conveyance occurs where the debtor transfers property for the benefit of a third party and receives no property or debt reduction in return).

-6-

for the transfer. They state that debtor received "no consideration" in exchange for the transfer. The law is well-settled that debtor's payment of debt of a third party does not constitute REV, for purposes of a constructive fraudulent transfer claim, where debtor is not obligated on the debt.[9] To the extent Mainland contends that debtor received some benefit in return for payment of the appraisal fee owed by First National, it has failed in its burden to prove what that benefit was or that it could be quantified.[10] To constitute REV, the benefit received by the debtor must be tangible and quantifiable.[11] The purpose of the REV requirement is to allow the trustee, or debtor-in-possession, to avoid transfers that result in a diminution of debtor's prepetition assets.[12] This transfer clearly diminished the estate here.

In sum, the Court finds that all of the elements of a constructively fraudulent transfer under § 548(a)(1)(B) are present in this case and debtor is entitled to judgment. Debtor may avoid the $20,000 transfer to Mainland and recover the same from Mainland for the benefit of the estate pursuant to § 550.

Turning to Mainland's third party complaint against First National, Mainland asserts that if

---

[9] *In re Southern Health Care of Arkansas, Inc., supra* at 319; *Wood v. Delury, Pomares & Co. (In re Fair Oaks, Ltd.),* 168 B.R. 397, 402 (9th Cir. BAP 1994); *In re Fox Bean Co., Inc.,* 287 B.R. 270, 281(Bankr. D. Idaho 2002); *In re Gerdes,* 246 B.R. 311, 313-14 (Bankr. S.D. Ohio 2000); *In re Jolly's Inc.,* 188 B.R. 832, 842 (Bankr. D. Minn. 1995).

[10] *In re Jolly's Inc., supra* at 843. (The party seeking the shelter of the "indirect benefit" defense bears the burden of production as to the concreteness of the indirect benefit and its reasonable equivalence in value).

[11] *See Stillwater National Bank & Trust Co. v. Kirtley (In re Solomon)*, 299 B.R. 626, 638 (10th Cir. BAP 2003); *Clark v. Security Pacific Business Credit, Inc. (In re Wes Dor, Inc.),* 996 F.2d 337, 243 (10th Cir. 1993); *In re Southern Health Care of Arkansas, Inc., supra* at 319-20.

[12] *In re Fox Bean Co., Inc., supra* at 281.

-7-

it is liable on the fraudulent transfer claim, First National should reimburse Mainland since the

appraisal fee was the obligation of First National, not debtor, and that the debt should be reinstated

against First National.  First National counters that debtor's payment of the appraisal fee, and

Mainland's acceptance, operated to discharge the debt as an accord and satisfaction.  It further

argues that when a fraudulent transfer is avoided, the original debt is not revived.  Rather, First

National submits that Mainland's sole recourse as the transferee  who must surrender fraudulently

transferred property, is to file an unsecured claim in debtor's bankruptcy, citing *In re Laizure*[13] and

§ 502(h).  The Court agrees with First National and concludes that Mainland may not assert a third

party claim against First National based upon the debt paid by debtor.

> Section 502(h) provides:

> A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

It gives a transferee from whom property is recovered by the exercise of avoiding powers, an

allowed unsecured claim.  That the transferee may not be a creditor of debtor (as Mainland is not

in this case) appears to be of no moment.  Section 501(d) provides that a claim of a kind specified

in § 502(h) may be filed the same as if such claim were a claim against the debtor and had arisen

before the date of the filing of the petition.

> Nothing in the Code provisions provides for Mainland's reviving First National's debt to it.

All the Code provides is that Mainland is left with an allowable unsecured claim against the debtor's

---

[13]  *Busseto Foods, Inc. v. Laizure (In re Laizure),* 349 B.R. 604 (9th Cir. BAP 2006).

estate.[14]  Other cases are in accord with *Laizure*.  In *In re Scheu*,[15] the chapter 7 trustee avoided a

post-petition transfer made by debtor to his personal injury attorney for attorney fees pursuant to §

549 and § 550.   The  debt was secured by a pre-petition lien on debtor's vehicle.  Debtor sold the

vehicle to a third party buyer, the proceeds of which debtor used to pay the attorney fees.  The

bankruptcy court concluded that the transfer to the attorney was an avoidable transfer and disallowed

the attorney's third party complaint for reimbursement against debtor and the buyer of the vehicle,

stating:

> While the Code recognizes a claim in favor of Defendant as against the *bankruptcy estate* [§ 502(h)], it does not authorize Defendant to assert a claim against Scheu, the debtor who paid Defendant, nor against Hui, the purchaser of the collateral for the debt.[16]

Citing *Laizure*, the bankruptcy court in *Scheu* held that a transferee who is forced to return an

avoidable transfer is limited to a claim against the bankruptcy estate.[17]

The  same  admittedly  harsh  result  must  obtain  here.   Mainland  may  not  reinstate  First

National's debt for the appraisal fee and may not obtain reimbursement from First National for the

avoided fraudulent transfer.  The Court further notes that there is no allegation that debtor and First

National colluded to defraud Mainland of its appraisal fee or that First National knew debtor would

---

[14] *See Laizure, supra* at 607 (Debtor's final payment to ex-employer in settlement of embezzlement claim was avoided as a preference and ex-employer could not revive its embezzlement claim against debtor as a nondischargeable debt under § 523(a)(4).).

[15] *Hopkins v. Lojek (In re Scheu),* 356 B.R. 751 (Bankr. D. Idaho 2006).

[16] *Id.* at 757.

[17] *Id. See Emporia Loan & Investment Co. v. Rees,* 66 F.2d 789 (10th Cir. 1933) (Transferee who receives a preference that is recovered by the trustee is entitled to file a claim for the debt against the bankrupt's estate). *See also In re Commercial Financial Services, Inc.,* 322 B.R. 440 (Bankr. N.D. Okla. 2003) (Court must disallow claim of party liable for avoidable transfer until transferee returns the preferential transfer, § 502(d)).

-9-

later seek to avoid and recover the transfer.[18]  Accordingly, Mainland's third party complaint states no claim against First National and should be dismissed.

A Judgment on Decision will issue this day.

# # #

---

[18]  *Id.*